# The Rosner Law Group LLC

Attorneys at Law

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
www.teamrosner.com

FREDERICK B. ROSNER*
rosner@teamrosner.com

SCOTT J. LEONHARDT
leonhardt@teamrosner.com

JASON A. GIBSON
gibson@teamrosner.com

ZHAO "RUBY" LIU+
liu@teamrosner.com

\* Also admitted in NY
+ Also admitted in PA

January 17, 2022

**VIA ECF**
Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

   Re: **In re: Décor Holdings, Inc., Case No. 19-71020 (REG)**
      **Ryniker v. Sumec Textile Company Limited, Adv. Pro. No. 20-8130 (REG)**

Dear Judge Grossman:

  This firm represents SUMEC Textiles Company Ltd. ("SUMEC"), the defendant in the referenced adversary proceeding. As Your Honor will recall, on January 10, 2022, this Court conducted a hearing on Plaintiff's *Motion to Compel Discovery* [Adv. Pro. Dkt No. 41]. That hearing was adjourned to February 14, 2022. In the interim, the Court instructed the parties to meet and confer as to the disputed definition of "Sumec" for the purpose of SUMEC responding to the Interrogatories. The Court requested the parties report back on this date whether they have reached agreement on a common definition. They have not.

  Following the hearing, Defendant proposed the following definition:

> "Sumec," "you," "your" shall mean Sumec Textile Company Limited.

  Plaintiff proposed an alternative definition:

> "Sumec," "you," "your" shall mean Sumec Textile Company Limited, **together with any of its affiliates (as that term is defined in 11 U.S.C. § 101(2)) and any other entity that holds funds of Sumec that could be used to satisfy the *Order and Judgment* [Dkt. No. 13] in the action captioned *Ryniker v. Sumec Textile Company Limited*, Adv. No. 20-8130 (REG) (emphasis** added).

In its *Objection to the Litigation Administrator's Motion to Compel Discovery* [Adv. Pro. Dkt No. 55], SUMEC contended that Plaintiff's definition was overly broad, virtually impossible to respond to or comply with and was deployed for purposes of harassment and to force SUMEC to needlessly incur further legal fees and costs in this matter. Plaintiff's revised definition presents the same types of concerns, as explained more fully below.

1. **SUMEC, as Judgment Debtor, has sufficient assets to satisfy the Default Judgment.** SUMEC has done nothing but try to settle this matter from the moment the undersigned was retained. However, given the procedural posture of the case—entry of the Default Judgment against SUMEC—SUMEC has no leverage to negotiate a settlement that reflects the strength of its defenses. On January 13, 2022, the District Court entered an *Order Granting Stay Pending Appeal in Consideration of SUMEC Textile Company Limited Posting Cash Security with Court Registry*. The outside date for SUMEC to deposit the Cash Security is January 25, 2022.[1] SUMEC assumes that once initiation of the wire is confirmed, Plaintiff will cease its efforts to compel compliance with the Interrogatories and the parties will advise Chambers of that fact so the Court will not have to devote further time to this dispute.

2. **SUMEC Cannot Obtain Interrogatory Responses from Affiliates it Does Not Own or Control.** If the Court adopts Plaintiff's proposed definition, SUMEC cannot ensure compliance. How can SUMEC obtain any information from affiliates that it does not own or control?

3. **SUMEC's Affiliates are Beyond the Jurisdiction of this Court.** SUMEC's affiliates are not before this Court. They have not been served with any process, and any notion of justice would afford them an opportunity to be heard and object. The Court cannot compel third party independent foreign based companies to produce information to Plaintiff.

4. **Plaintiff and Defendant Dispute the meaning of the Default Judgment entered by the Court.** Plaintiff insists "**the Court has definitively ruled that Sumec must pay the Judgment**, and has done so twice." Reply at 7 (**emphasis** added). This false statement joins a number of other false statements made by Plaintiff, the biggest being that Sumec confirmed receipt of the Summons and Complaint made in the Weingarten Certification in support of entry of the Default Judgment. A judgment is a statement of liability; SUMEC owes Plaintiff. The Judgment does not include a directive that SUMEC "**must pay**" Plaintiff.

---

[1] SUMEC invited Plaintiff to refrain from pursuing this discovery matter until after January 25, 2022. SUMEC has not received any response from Plaintiff as of the date of this filing.

{00032504. }                              2

5.**The Preference Complaint filed by Plaintiff seeks to hold only SUMEC Liable, not any of its affiliates.** The Preference Complaint alleges that SUMEC received certain preferential payments. The Preference Complaint does *not* allege that SUMEC conducted business with the Debtors through one or more of its affiliates; that the affiliates are in any way the alter egos of SUMEC; that the affiliates are under the control of SUMEC or that SUMEC diverted any of its assets to one or more affiliates. Because the Complaint failed to make such allegations in the underlying complaint, and the Default Judgment makes no such findings, post-judgment enforcement discovery against SUMEC's affiliates is not appropriate.

6.**The Court should not expand the definition of SUMEC beyond the Judgment Debtor based on Plaintiff's *Ruminations*.** Plaintiff understandably wants to collect on the Default Judgment. Unfortunately, Plaintiff chose not to serve SUMEC in accordance with the Hague Convention which would have satisfied SUMEC's right to Due Process and afforded an opportunity for SUMEC to present its defenses. Plaintiff's counsel maintains an office in Beijing but has made no effort to record the Default Judgment in China, where SUMEC resides. Plaintiff implicitly recognizes the Default Judgment is unenforceable overseas, especially because it was never served in accordance with governing law.

Instead, Plaintiff, in his pleadings, simply conjures up scenarios imagining that SUMEC *might* be acting to defeat enforcement of the Default Judgment.[2] All of these scenarios are without factual basis. None of Plaintiff's ruminations are supported by even a wisp of evidence. Plaintiff's baseless accusations and innuendos are not without purpose, however. They are intended to lead this Court to believe that SUMEC is engaged in conduct that warrants this Court's extending its power to assist Plaintiff in collection efforts beyond the permissible scope of Rule 69. Against this backdrop, SUMEC, by Order of the District Court, is able to obtain a stay of all discovery by sending a wire by January 25, 2022. The fact that Plaintiff is pushing this dispute when the District Court has ruled speaks volumes to Plaintiff's true and transparent motives: painting SUMEC in a bad light with this Court, harassment and driving up legal fees up unnecessarily.

7.**Plaintiff Cannot Rely on the Proof of Claim as a Basis for Expanding the Definition of SUMEC.** Plaintiff's reliance on the proof of claim to support its request to take discovery against SUMEC's affiliates is misplaced for two reasons. First, SUMEC had nothing to do with preparing or filing the proof of claim. Second, Plaintiff had in its possession at all relevant times the proof of claim when drafting the Preference Complaint but made no allegations against SUMEC's affiliates. Plaintiff can only rely on the Default Judgment in its post-judgment discovery efforts.

8.**Proportionality is Appropriate.** This Court should adopt a measure of proportionality in Plaintiff's Interrogatories. SUMEC has maintained throughout that it has the

---

[2] *See* The Litigation Administrator's Reply in Further Support of Motion to Compel Discovery ("*Reply*"). *Reply* at 10 ("Here, there is a concrete concern that Sumec might attempt to impair judgment enforcement by playing games with corporate names and d/b/a/s."); *id*. ("Sumec apparently uses some its affiliates as d/b/a's or alter egos."); *id*. at 11 ("This proliferation of entities suggests that Sumec (the defendant) has freely deployed other Sumec entities as its alter ego in business dealings with the Debtors."); *id*. ("Sumec admits that it is able to shuttle money to and from its international affiliates, including those outside of China.").

{00032504. }3

resources to satisfy the judgment and SUMEC is the only judgment debtor. There is no legal basis or factual need for ancillary discovery against SUMEC's affiliates.

9.     **Plaintiff's Cases are Distinguishable.** The cases Plaintiff relies on in its Reply are distinguishable from the present case and actually support SUMEC's position.

First, in most of the cases cited by Plaintiff in its Motion to Compel or Reply, the discovery sought is only from the judgment debtor itself, not from any affiliates. *See, e.g., Raji v. Bank Sepah-Iran*, 139 Misc. 2d 1026, 1027, 529 N.Y.S.2d 420, 420 (Sup. Ct. 1988); *SEC v. Tome*, No. 81 Civ. 1836 (MP), 1987 U.S. Dist. LEXIS 3269, at *2 (S.D.N.Y. Apr. 3, 1987)

Second, in the cases relied on by Plaintiff, the judgment creditors seeking to enforce post-judgment discovery actually served subpoenas on the nonparties against whom information was sought, such as the judgment debtor's banks. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 203 (2d Cir. 2012). Plaintiff failed to do that here.

Third, in cases relied on by Plaintiff, the judgment creditors sought information from third parties about assets of the judgment debtor located in the United States, not the assets of the third parties themselves. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 203 (2d Cir. 2012) ("[Plaintiff] has pursued discovery concerning [defendant]'s property located in the United States since 2003."). Rule 69(a)(2) does not permit discovery of assets of third parties, unless Plaintiff can prove with evidence that such third parties are alter egos of the judgment debtor. *Id.*; *see also Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT)(PK), 2017 U.S. Dist. LEXIS 10707, at *3 (E.D.N.Y. Jan. 25, 2017) ("*Allstate*") ("Discovery sought pursuant to Rule 69, therefore, must relate to the existence or transfer of a judgment debtor's assets."); *Costamar Shipping Co. v. Kim-Sail, Ltd.*, 95 Civ. 3349 (KTD), 1995 U.S. Dist. LEXIS 18430, at *9 (S.D.N.Y. Dec. 12, 1995) ("[E]vidence that a non-party was an alter ego of the judgment debtor was adequate to warrant discovery from the non-party in aid of execution. However, the mere allegation of an alter ego relationship is insufficient; it must be supported by facts showing the basis for the assertion."). Here, Plaintiff failed to prove with sufficient (or any) evidence that any of SUMEC's affiliates are alter egos of SUMEC.

Fourth, discovery of SUMEC's affiliate about SUMEC's assets, is permitted *only* when Plaintiff can show (and he has failed to do so) that SUMEC and its affiliates have a relationship "sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Allstate*, 2017 U.S. Dist. LEXIS 10707, at *3. The *Allstate* case is informative. In *Allstate*, the judgment creditor sought to compel Queens Billing, a medical insurance billing company and a nonparty, to produce bank records about transfers made between Queens Billing and Nortmed, one of the judgment debtors. The District Court for the Eastern District of New York explained that although "[i]t is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets, . . . [s]uch discovery is permitted when the non-party and the judgment debtor have a relationship 'sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'" *Id*. In allowing the discovery, the District Court explained that:

> "When default judgment was granted in this case, Nortmed was found to have participated in a RICO conspiracy in which it served as a clearinghouse 'by receiving significant transfers of cash and checks from the [medical service provider] Defendants, which the Management Defendants [including Nortmed] funneled back to the Principal Defendants.' . . . This finding alone raises the specter that any services Nortmed claimed to have performed for a medical insurance billing entity such as Queens Billing were purely illusory, and that, therefore, any payments (or refunds) connected with such services were not legitimate. . . . The undersigned finds, therefore, that the relationship between Queens Billing and Nortmed 'is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'"

*Id.* at \*5-6.  This is a preference complaint against a single defendant.  Plaintiff has not made the required showing.  The underlying complaint is bereft of any allegation that SUMEC made any intercompany transfers to any of its affiliates.

Based on the forgoing, SUMEC respectfully requests the Court: (a) refrain from ruling until after January 25, 2002 and (b), if a ruling is required, require Interrogatories responses based on the definition proposed by SUMEC.  SUMEC is available at the Court's convenience to discuss this matter.

Respectfully submitted,

Frederick B. Rosner

cc:   Schuyler Carroll, Esq.
      Noah Weingarten, Esq.
      Zhao (Ruby) Liu, Esq.